IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HOWARD LANGFORD, | ) | 8:09CV446 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALEGENT HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| HOWARD LANGFORD, | ) | 8:09CV169 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ALEGENT HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

These matters are before the court on the plaintiff's Motions to Enlarge Progression Order Deadlines in Case No. 8:09CV169. (Case No. 8:09CV169, Filing Nos. 18 and 28.) For the reasons discussed below, Case Nos. 8:09CV169 and 8:09CV446 are consolidated and the plaintiff's motions are denied.

## *I. BACKGROUND*

The plaintiff filed his original complaint in Case No. 8:09CV169 on May 18, 2009, against Alegent Health. (Case No. 8:09CV169, Filing No. 1.) In September 2009, the plaintiff filed an amended complaint and executed service of process upon the defendant. (Case No. 8:09CV169, Filing Nos. 8 and 9.) After an extension of time, the defendant filed an answer to the amended complaint and the court entered

an order setting the schedule for the progression of the case. (Case No. 8:09CV169, Filing Nos. 15 and 16.)

On December 31, 2009, the plaintiff filed a motion to enlarge the progression order deadlines. (Case No. 8:09CV169, Filing No. 18.) Eleven days later, the defendant filed a brief in opposition to this motion. (Case No. 8:09CV169, Filing No. 26.) In this brief the defendant agreed "to a reasonable extension of the Progression Order." (*Id*. at CM/ECF p. ) However, the defendant also pointed out that the plaintiff recently filed a new case, Case No.8:09CV446, that is virtually identical to the plaintiff's previously filed case against the defendant, Case No. 8:09CV169. (*Id*.)

## II. ANALYSIS

### A.   Consolidation

Consolidation of separate actions is governed by Fed.R.Civ.P. 42(a), which provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

A court may consolidate cases in the interest of expedition and economy. *United States Envtl. Prot. Agency v. Green Forest*, 921 F.2d 1394, 1402-03 (8th Cir. 1990). However, under Fed.R.Civ.P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

The court has carefully examined the record in Case Nos. 8:09CV169 and 8:09CV446, including the complaints. The complaint in Case No. 8:09CV446 and the plaintiff's amended complaint in Case No. 8:09CV169 are virtually identical. (*Compare* Case No. 8:09CV446, Filing No. 1 *with* Case No. 8:09CV169 Filing No. 8.) Moreover, in both cases the plaintiff raises employment discrimination claims against the defendant for not being promoted because of his race. (*Id*.) Because Case Nos. 8:09CV169 and 8:09CV446 involve the same parties as well as common questions of law and fact, the court will consolidate them in the interest of expedition and economy.

No later than March 1, 2010, the plaintiff shall file an amended complaint in Case No. 8:09CV169. The amended complaint shall contain all of the plaintiff's claims, including those presented in Case No. 8:09CV446. Any claims not contained in the amended complaint will be deemed abandoned. In the event that the plaintiff files an amended complaint in accordance with this memorandum and order, Case No. 8:09CV446 will be dismissed.

### B.   Plaintiff's Pending Motions

Because the court has consolidated the plaintiff's cases against the defendant and directed the plaintiff to file an amended complaint, the deadlines in its November 20, 2009 progression order are canceled. After the plaintiff files an amended complaint in accordance with this memorandum and order, the court will enter a new progression order with new deadlines. The plaintiff's motions to enlarge the progression order deadlines are therefore denied as moot.

IT IS THEREFORE ORDERED that:

1.   no later than March 1, 2010, the plaintiff shall file an amended complaint in Case No. 8:09CV169. The amended complaint shall contain all of the plaintiff's claims, including those presented in Case No. 8:09CV446. Any claims not contained

in the amended complaint will be deemed abandoned. All further pleadings shall be filed in Case No. 8:09CV169.

     2.    in the event that the plaintiff files an amended complaint in accordance with this memorandum and order, Case No. 8:09CV446 will be dismissed.

     3.    the clerk of the court is directed to set a pro se case management deadline in this case with the following text: March 1, 2010: deadline for the plaintiff to file amended complaint.

     4.    the clerk of the court is directed to cancel the deadlines in the court's November 30, 2009, progression order.

     5.    the plaintiff's Motions to Enlarge Progression Order Deadlines (Case No. 8:09CV169, filing nos. 18 and 28), are denied as moot.

Dated February 8, 2010.

                                  BY THE COURT

                                  s/ Warren K. Urbom
                                  United States Senior District Judge