IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HOWARD LANGFORD, | ) | 8:09CV169 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON MOTIONS TO** |
| ALEGENT HEALTH, | ) | **QUASH** |
| | ) | |
| Defendant. | ) | |

    This matter is before me on a Motion to Quash Subpoena filed by Defendant Alegent Health (filing no. 51) and a Motion to Quash Subpoena filed by Gallup, Inc. ("Gallup"), a non-party (filing no. 59). For the reasons discussed below, Gallup's motion is granted and Alegent Health's motion is granted in part and denied in part.

    On timely motion, a district court shall quash or modify a subpoena if the subpoena fails to allow reasonable time for compliance, requires a witness who is not a party to travel more than 100 miles, requires disclosure of privileged or protected matter, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iii). A subpoena must also seek relevant information. *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 360-62 (8th Cir. 2003); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .").

    Gallup moves this court to quash a subpoena that was returned executed upon Gallup on June 4, 2010. (Filing Nos. 48 and 62.) In the subpoena, Langford asks Gallup to provide him with "SRI and/or MTI test results" for thirteen individual Alegent Health employees. (Filing No. 59.) Gallup argues that the court should quash this subpoena because the information Langford seeks is readily available from Alegent Health and because requiring Gallup to provide the information imposes an undue burden on a non-party. (Filing No. 60 at CM/ECF p. 2.) In contrast, Langford

asks me to deny Gallup's motion because Alegent Health directed him to Gallup in order to obtain information regarding Gallup's testing of Alegent Health employees. (Filing No. 67.) The court agrees with Gallup.

Gallup's motion and corresponding brief in support establish that Alegent Health has possession of the information the plaintiff seeks from Gallup. (Filing Nos. 59 and 60.) Although Langford argues that Alegent Health directed him to Gallup for information regarding Gallup's testing of Alegent Health employees, he does not allege that he attempted to obtain the "SRI and/or MTI test results" from Alegent Health. Because Langford has not shown that he exhausted his efforts to seek production of these materials from the defendant, the subpoena executed upon Gallup is quashed.[1] *See, e.g., Echostar Commc'n Corp. v. New Corp. Ltd.*, 180 F.R.D. 391, 395 (D. Colo. 1998) (finding that the plaintiff failed to demonstrate any need for the information sought by subpoena from nonparties, that such materials were readily available from the defendant, and that plaintiff could not begin to argue a "substantial need" for such documents until it exhausted its efforts to seek production of those materials from the defendant).

Also pending is Alegent Health's Motion to Quash Plaintiff's Subpoena (filing no. 63) and Notice of Record Deposition (filing no. 47) executed upon Richard A. Hachten, Alegent Health's Chief Executive Officer. (Filing Nos. 52 and 66.) In his Notice of Record Deposition, Howard Langford sought to depose Hachten on June 7, 2010, at 10:00 a.m. (Filing No. 47.) He also asked Hachten to bring copies of the August 16, 2005, settlement agreement between Langford and Alegent Health, as well as other records that Alegent Health maintains. (*Id.*) Howard Langford reasserted his

---

[1]Gallup also seeks a protective order against any disclosure of its company trade secrets or other confidential research, development, or commercial information. (Filing No. 59.) However, because the court has granted Gallup's Motion to Quash, there is no need to issue a protective order at this time.

2

request for Hachten to produce these document in a subpoena that was returned executed upon Hachten on June 4, 2010. (Filing No. 63.) Alegent Health argues that it already provided Howard Langford with a copy of the settlement agreement and that Langford has access to the other documents he requests. (Filing No. 52 at CM/ECF pp. 1-3; Filing No. 66 at CM/ECF p. 2.) In light of these circumstances, Alegent Health asks me to quash the Subpoena and Notice of Record Deposition because compliance would impose an undue burden upon Hachten. (*Id.*) I agree with Alegent Health in part.

As discussed above, a party may obtain discovery regarding any non-privileged matter that is relevant to his claims. *See* Fed. R. Civ. P. 26(b)(1). Howard Langford argues that he needs to depose Hachten because Hachten possesses information concerning the conditions of Langford's employment. (Filing No. 64.) Although I recognize that depositions of high level corporate employees have the potential for abuse, Alegent Health does not argue that Langford's request to depose Hachten is irrelevant to the Langford's case. Rather, Alegent Health argues that under the circumstances, Hachten should not have to take time out of his busy schedule to submit to a deposition. (Filing No. 52 at CM/ECF p. 3.) This argument is unpersuasive because Alegent Health failed to demonstrate that Hachten does not possess knowledge or information relevant to Langford's case, nor has Alegent Health demonstrated that a deposition would impose an undue burden upon Hachten.

Accordingly, Alegent Health's Motion to Quash is denied with respect to Langford's request to depose Hachten. However, because Alegent Health has demonstrated that Langford has possession or access to the documents he seeks from Hachten, the Alegent Health's motion is granted with respect to Langford's request for the production of documents. Moreover, because the deposition deadline has passed in this matter, I will extend the progression order deadlines to permit further

discovery.[2]

      IT IS THEREFORE ORDERED that:

1.      Gallup's Motion to Quash (filing no. 59) is granted.

2.      Alegent Health's Motion to Quash (filing no. 51) is granted in part and denied in part, in accordance with this Memorandum and Order on Motions to Quash.

3.      Deposition and discovery deadline. All depositions, whether or not they are intended to be used at trial, shall be completed by **August 2, 2010**.

4.      Motions to compel discovery shall be filed on or before **August 2, 2010**. The parties must comply with the provisions of NECivR 7.0.1 before filing a motion to compel.

5.      Dispositive Motions. All dispositive motions shall be filed on or before **September 1, 2010**. The parties must comply with the provisions of NECivR 7.0.1 and NECivR 56.1 when filing summary judgment motions.

6.      Pretrial Conference.

        a.      Defense counsel will have the primary responsibility for drafting the Order on Final Pretrial Conference, pursuant to the format and requirements set out in NECivR 16.2(a)(2). The plaintiff will be

---

[2] The court notes that Defendant's counsel asserts that he has been unable to communicate with Plaintiff regarding discovery. (Filing No. 66 at CM/ECF p. 2.) To the extent that further discovery is necessary, Plaintiff and Defendant are encouraged to cooperate with each other.

       responsible for cooperating in the preparation and signing of the final version of the Order. The Order should be submitted to the plaintiff and to any other parties by **November 1, 2010**. The plaintiff shall provide additions and/or proposed deletions to Defense counsel by **November 15, 2010**. Defense counsel shall submit the Proposed Order on Final Pretrial Conference to the court by no later than **November 29, 2010**. If a party proposes an addition or deletion which is not agreed to by all the other parties, that fact should be noted in the text of the document. The Proposed Order on Final Pretrial Conference must be signed by all pro se parties and by counsel for all represented parties.

   b.    The Final Pretrial Conference will be held before the undersigned Magistrate Judge on **December 9, 2010, at 2:00 p.m.** Prior to the pretrial conference, all items as directed in [NECivR 16.2](#) and full preparation shall have been completed so that trial may begin at any time following the Pretrial Conference.

   c.    If a plaintiff is held in an institution, the pretrial conference will be by telephone. In that case, defense counsel shall contact the plaintiff's institution in advance and arrange to initiate and place the conference call.

7.    The trial date will be set by the undersigned Magistrate Judge at the time of the Final Pretrial Conference.

8. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Pretrial conference before Magistrate Judge Cheryl Zwart to be held on December 9, 2010.

Dated July 8, 2010.

>BY THE COURT
>
>s/ Warren K. Urbom
>United States Senior District Judge

6